# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3011
LT Case No. 2021-DR-008023-FM

———————————————

ROBERT J. CONCHIGLIA,

    Appellant,

    v.

JENNIFER A. CONCHIGLIA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
John Ingle Guy, Judge.

Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for
Appellant.

Rebecca Bowen Creed, of Creed & Gowdy, P.A., Jacksonville, for
Appellee.

June 12, 2026

PER CURIAM.

    Robert J. Conchiglia ("Husband"), appeals the Amended Final
Judgment of Dissolution of Marriage from Jennifer A. Conchiglia
("Wife"). Among other things, the Amended Final Judgment
awarded shared parental responsibility and divided the parties'
marital assets. Husband appeals the unequal distribution of the
parties' assets, raising several issues related to asset allocation.

We reverse only as to the assignment of $150,000 to Husband for the July 2020 Benjamin Tech investment. Specifically, we reverse because there was no evidence of "intentional dissipation, waste, depletion, or destruction" by Husband as to that investment. *See* § 61.075(1)(i), Fla. Stat. (2024); *Roth v. Roth*, 312 So. 3d 1021, 1026 (Fla. 2d DCA 2021) ("To include a dissipated asset in the equitable distribution scheme, the evidence must establish that a party engaged in intentional misconduct that resulted in the dissipation of the marital asset.").

Accordingly, we "remand for reconsideration of the equitable distribution scheme" based on the erroneous assignment to Husband of the Benjamin Tech asset. *Niederkohr v. Kuselias*, 301 So. 3d 1112, 1113–14 (Fla. 5th DCA 2020).

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

JAY, C.J., and EISNAUGLE and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2